Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

Civil Division

OCT 18 2023 PM3:43
FILED-USDC-CT-HARTFORD

STEPHEN C. MCCULLOUGH

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

TOWN OF ROCKY HILL

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. _____
*(to be filled in by the Clerk's Office)*

## COMPLAINT AND REQUEST FOR INJUNCTION
+ Request for Immediate Temporary Restraining Order Ex Parte

### I.   The Parties to This Complaint

#### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Stephen C. McCullough |
| Street Address | 140 Hayes Rd |
| City and County | Rocky Hill, Hartford County |
| State and Zip Code | CT 06067 |
| Telephone Number | (860)478-5024 |
| E-mail Address | steviemcc1@yahoo.com |

#### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1
    Name: Town of Rocky Hill
    Job or Title *(if known)*:
    Street Address: 761 Old Main St
    City and County: Rocky Hill, Hartford County
    State and Zip Code: CT 06067
    Telephone Number: (860)258-2705
    E-mail Address *(if known)*: townclerk@rockyhillct.gov

Defendant No. 2
    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 3
    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 4
    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:


Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question        ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
U.S. Constitution 5th Amendment & 14th Amendment involving taking of property, due process violations, and unequal protection of the law; 4th Amendment involving seizure, 42 U.S.C. 1983 & 28 U.S.C. 1343(a) involving civil rights violations, and 18 U.S.C. 1341 involving fraud and swindle.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

    and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
$150,000 which is the auction price of plaintiff's home at 140 Hayes Road unlawfully conducted on April 20, 2023 at Rocky Hill Town Hall.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.   See Attached.

A.    Where did the events giving rise to your claim(s) occur?

B.    What date and approximate time did the events giving rise to your claim(s) occur?

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

1. Money damages cannot compensate for severe and irreparable harm. This is a 62-year-old disabled senior citizen (receives SSI and classified as federally disabled or muskuloskeletal deficiencies since 2017) plaintiff's childhood home since 1961. It is an uncommon single floor abode, no basement or attic, one bathroom, with architecture unlike any other in Rocky Hill. It is 1800 sq.ft. abode with no stairs, and is filled to capacity with plaintiff's possesions; plaintiff would not be able to fit in a smaller space. It is also been maintained entirely by the McCullough family and was built and designed by plaintiff's deceased father, Sam W., and deceased mother, Buela, since 1949. On the property are her ashes as well as plaintiff's deceased brother Jefferson. Plaintiff does not have any surviving relatives left except for one single 75 year old brother, who does not live close by and plaintiff would not be able to live with him.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff seeks an ex parte restraining order and injunction that enjoins and restrains the tax collector, town attorney Adm Cohen, or any other town clerk, official, agent, or representative from the recording of the tax sale deed, and/or seizure and/or ownership of his property at 140 Hayes Road, Rocky Hill, CT.

III.

Plaintiff desires an immediate ex parte temporary injunction preventing the town of Rocky Hill and its attorney from seizing plaintiff's house and recording the tax sale deed on October 20, 2023 or thereafter. This complaint is in reference to HHB-CV23-5033551-S in Connecticut Superior Court. The town executed a tax sale on April 20, 2023 and the last day of redemption is October 19, 2023.

Plaintiff claims that the town and tax collector and has misused her authority and fraud has been committed as to the amount owed and amount demanded to redeem; this also includes, but not limited to, due process rights, civil rights, and equal protection under the law. [A widespread claim multiple abuses of power, abuse of process, and civil rights violations of the town was brought forth by the plaintiff in HHB-CV15-5016831- (see entries 132.00 and141.00). The town prevailed, however, not by refuting any of plaintiff's claims of intentional misconduct, but by invoking C.G.S. $52-557n sovereign immunity.] Plaintiff has followed the guidelines set forth in *Municipal Tax Sales (Extra-Judicial)* prepared by the Connecticut judicial branch, Superior Court Operations, Judge Support Services, Law Library Services Unit which cites: Pace Motor Lines, Inc. v. Biagerelli, "if the tax collector were to misuse his authority ... the plantiff's remedy would be a common law action such as an action for declaratory judgment and an injunction."

Plaintiff filed for temporary injunction and declaratory relief on April 17, 2023. Judge Knox denied the injunction on April 19, 2023, and auction took place on April 20, 2023 at 9:35am during the time in which she was deciding on plaintiff's motion to reconsider. The declaratory relief claim is still pending. The town filed a motion to

strike on May 30, 2023, and a hearing was held with oral argument on the motion on August 21, 2023. The outcome of this motion is still pending as of this date.

Plaintiff has vehemently disagreed with the amount of property taxes owed to the town and the amount of redemption, and the discrepancy is large. Currently, town attorney Adam Cohen is requiring $83,523.13 while plaintiff estimates he owes approximately $22,000 (see exhibit A). What complicates the matter, is plaintiff's claims that 2009 and 2008 tax years have been paid off, and has proof of the 2009 lien being discharged for payment and is recorded in the Rocky Hill Land Records (see exhibit B) – that amounts to approximately $10,000 alone, due to interest accrued over the years. And when the tax collector's office applies any payment, it goes to the oldest years first, and liens get paid off in chronological order. That means that the next $10,000 paid to the town would be wasted.

Plaintiff claims that §12-157 is unconstitutional since it denies plaintiff's right to due process. Even if the motion to strike would be granted, plaintiff still has a right under the Practice Book to file a substitute complaint to cure any deficiencies, and then a right to file an appeal, within a certain time after that. Already in the matter, plaintiff had to appeal to appellate court to challenge Judge Knox's decision which did not give him the fee back for marshal's fee; plaintiff then won (see entries 110.00, 110.01, 112.00) after appellate rule. The foreclosure case the town lost (see below) took three full years and 100 pleadings. It is almost impossible to rectify a matter in only six months; and in this case, it is the town's motion to strike that is extending the matter.

What further complicates the matter, is that the tax collector was not accepting any payments from the plaintiff for several years, until October 2022 when plaintiff
See exhibits C10

received very first notice from the town attorney regarding property taxes. That violates C.G.S. $12-144b. And that violates plaintiff's right to due process, equal protection, and civil rights, since he is being charged 18% interest for the town's misconduct – and that amount is substantial. The principal taxes according to Adam Cohen are only $24,241.23 and that includes a proven discharged lien. The town already tried to foreclose on the plaintiff, a rare tax foreclosure court trial was held in 2015 and the town lost. (entry 197.01 of HHB-CV12-6018310-S (see exhibit E)) and was also denied a motion for new trial (entry 198.01). Pertinent to the trial was the tax collector perjuring herself as when she became tax collector, and not disclosing the 2009 tax lien that she discharged and has her signature on it, both in oral testimony and written affidavit (see exhibits F+G). + entry 183.00.

Plaintiff claims that C.G.S. $12-159 should also be ruled unconstitutional. This concerning the last two sentences that the sale shall not impair the sale's validity, and that the person contesting the fees show illegal fees were charged by the collector, and the municipality refund such fees with interest according to $12-129. Plaintiff has showed, proved, and demonstrated this innumerable times in the foregoing three cases cited since at least 2015. The town has purposely and intentionally ignored this and acted nefariously in order to steal plaintiff's house. $12-129 requires the tax collector to be involved with the examination and certification of the application for refund. In this case, she would have to admit to committing felonies, oral and written, in court during the foreclosure trial. These statutes are not constitutional when the town's actors are criminal.