

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN C. MCCULLOUGH | ) | |
| | ) | |
| V. | ) | Case No: 3:23-cv-01367-KAD |
| | ) | |
| TOWN OF ROCKY HILL | ) | |

## OBJECTION TO MOTION FOR ATTORNEY'S FEES

The plaintiff hereby objects to plaintiff's request for motion for attorney's fees.

**1. This complaint is a federal action and not a state action upon which Connecticut General Statute $12-140 would apply.** Defendant is basing his motion for fees on a state statute that was supported by a state appellate court in Cornelius v. Rosario, which challenged and attempted to enjoin a tax sale to the property. §12-140 allows a collection in a state action for attorney's fees **in a state action,** brought as a result of a tax sale, or enjoin or declare unlawful a tax sale. Defendant has already collected attorney's fees in that action in State Court in HHB-CV23-5033551-S, which was over $10,000 and was added to the redemption amount (see attached.) That action did include attempt at enjoining the tax sale which was denied. This federal action has been six months later to prevent the recording of the tax deed, and the transfer of property, and based entirely on federal constitutional grounds and federal

1

statutes. Neither magistrate or district judge has declared this a ruling on a state matter.

**2. Further, §12-140 requires a delinquent taxpayer, but there has been no showing or ruling that plaintiff was ever delinquent in paying property taxes; on the other hand there has been a showing of proof that the tax collector was delinquent in accepting taxes, and in so doing violated the tax code.** It has been undisputed, and unrefuted, that the 2009 tax lien was paid off, but the Town has refused to remove it from their books, in order to collect on it a second time. The defendant has contended that notice, but not payment, is a reason to void a tax sale. In the tort case of HHB-CV15-5016831-S, the Town claimed sovereign immunity under §52-557n, but was not able to refute the discharge of the 2009 tax lien that is still recorded in the Rocky Hill Land Records. That lien ballooned up to approximately $15,000, after interest was added, **after** it was already discharged. It has also been unrefuted, and undisputed, that the defendant has committed fraud and extortion, to steal the plaintiff's house, but has relied on the Tax Injunction Act, to freely allow this to occur.

**3. The defendant in an action brought under Title VII of the Civil Rights Act of 1964 may recover attorney's fees from the plaintiff only if the District Court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978):**

> Although arguably a different standard might be applied in a civil rights action under 42 U.S.C. § 1983, we can perceive no reason for applying a less stringent standard.

2

The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees. As we stated in Christiansburg:

"To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail *15 would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate **179 after it clearly became so." 434 U.S., at 422, 98 S.Ct., at 701.

For the above reasons, defendant's motion for attorney's fees should be denied.

DATE: January 3rd, 2024

Stephen C. McCullough

Plaintiff, Pro Se

3

# Pullman & Comley

ADAM J. COHEN
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06604
p 203 330 2230
f 203 576 8888
ajcohen@pullcom.com

**To:** Stephen Campbell McCullough (steviemcc1@yahoo.com)
**Date:** October 17, 2023

## PAYOFF STATEMENT VALID FOR PAYMENT RECEIVED BY 12:00 NOON E.S.T. ON OCTOBER 19, 2023

**Record Owner:** Sam Walker McCullough, Jr. and Stephen Campbell McCullough
**Property:** 140 Hayes Road, Rocky Hill CT
**Municipality:** Town of Rocky Hill
**Auction Date:** April 20, 2023

| | | | |
|---|---|---|---|
| real estate principal taxes | through auction date | $ | 24,341.23 |
| real estate jeopardy acceleration | through auction date | $ | 1,577.90 |
| real estate interest accrued | through auction date | $ | 31,282.69 |
| real estate lien and release fees | through auction date | $ | 312.00 |
| motor vehicle taxes | through auction date | $ | 1,738.13 |
| title search, notices, auction prep costs | through auction date | $ | 679.52 |
| tax sale attorney's fees | through auction date | $ | 6,883.00 |
| remaining 2022 GL real estate taxes | Balance of 2022 Grand List | $ | 74.11 |
| redemption attorney's fees/costs | through payoff date above | $ | 608.55 |
| post-sale litigation attorney's fees/costs | through payoff date above | $ | 2,526.00 |
| interest on winning bid | through payoff date above | $ | 13,500.00 |

**TOTAL DUE IF RECEIVED BY DATE ABOVE:** $ 83,523.13

Payoff checklist:
(1) payment is certified check, money order, bank/servicer check, wire, or attorney trustee check
(2) this statement NOT valid for personal checks or home equity line checks – see page 3
(3) payable to "Pullman & Comley, Trustee" (not to the municipality itself)
(4) sent to Adam J. Cohen, Esq., Pullman & Comley, 850 Main St., Bridgeport CT 06604
(5) payment or cover letter identifies the property owner, property address, and the town
(6) NO DROP-INS: please do not bring payment to the law office or municipality

**SEE ATTACHED NOTICE FOR IMPORTANT PAYOFF INFORMATION**

© Copyright 2003-2023 by Adam J. Cohen

## CERTIFICATION

I hereby certify that plaintiff has sent a copy of the foregoing by first-class mail to defendant's attorney at:

Pullman & Comley LLC
850 Main St
P.O. Box 7006
Bridgeport, CT 06601-7006

DATE:	January 3rd, 2023

_____
Stephen C. McCullough
Plaintiff, Pro Se