# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF CONNECTICUT

JAN 9 2024 PH4:02
FILED-USDC-CT-HARTFORD

| | | |
|---|---|---|
| STEPHEN C. MCCULLOUGH | ) | |
| | ) | |
| V. | ) | Case No: 3:23-cv-01367-KAD |
| | ) | |
| TOWN OF ROCKY HILL | ) | |

## MOTION FOR RELIEF FROM JUDGMENT (RULE 60)

The plaintiff hereby moves for relief from judgment rendered on December 12, 2023 for just terms, and be allowed to file an amended objection in regards to subject-matter jurisdiction and an amended complaint.  Plaintiff invokes Rule 60(b)(1) primarily regarding surprise and excusable neglect and 60(b)(6) regarding unexpected extreme hardship.  To a lesser extent plaintiff invokes 60(b)(1) regarding inadvertence, 60(b)(2) regarding newly discovered evidence, and 60(b)(3) regarding fraud, misrepresentation, and other adversary misconduct.  This motion is being filed 28 days from date of that ruling.  Rule 60 allows up to one year to file this motion.

**The plaintiff was prevented from filing an amended objection to magistrate's ruling, and amended complaint on December 11, 2023 due to surprise, excusable neglect, unexpected extreme hardship should he have ignored his Summary Process (Eviction) HFH-CV23-6027467-S action in order to file the said pleadings.**

1

This is in regards to his home that plaintiff is claiming was unlawfully sold with fraud, to pay for non-taxes in this federal action. Summary Process actions have very short timelines enacted by the legislature that are not waivable by the courts, since they are dictated by statute, and not the Practice Book. As defendant, I filed a Motion to Dismiss in that matter on 11/22/23; it was scheduled for hearing on 01/02/24. Opposing counsel, on 12/05/23, filed a motion for use and occupancy payments of $2800/month on when I have been receiving $914/month on SSI disability on a dwelling that is appraised by the Rocky Hill assessor at only $12,500, listed as "unsound" condition, and not legally liable to be rented, and with a heavily damaged roof. I am the only one living there. The clerking system then self-generated a hearing date on that matter on 12/19/23 thereby preempting my motion to dismiss, and created an unforeseen surprise. This meant I had to file another pleading to continue that hearing until the same day after the motion to dismiss on 01/02/24, or face ejection from the premises my parents built in 1949, contain their remains, and that I have lived in for 61 years (minus years away for school); and this could happen all before the 01/02/24 hearing if ignored. I do not have any other alternative housing. All my relatives are dead except one who is 75, that I cannot live with. Ejection means I am without shelter, electricity, water, and heat, and no place to store 1800 square feet of lifelong belongings, not to mention thousand's of pages of legal notes from 12 years of action with the town. This creates the extremist of hardships and makes prosecuting legal action impossible.

Moreover, my superior court case in New Britain HHB-CV23-5033551-S, then set a hearing date for the town's motion to strike on the same day 01/02/24 – that is three hearings in two different cities. [In that matter what remains is in regards to what taxes

were owed the town; the relief of temporary injunction to restrain the auction is bracketed meaning it has been removed since being denied on 04/19/23.)  That matter has been continued to 02/05/24.  Finally, Social Security contacted me in December threatening to discontinue my SSI unless I apply for early retirement; I had to file an appeal in that matter by 12/29/23, and that matter is ongoing.  That matter also had to be dealt with before all the libraries closed before Christmas.

As a result of I filing an objection to use and occupancy payments, and appearing at the Summary Process hearing, opposing counsel and the judge has agreed to take the motion to dismiss on its papers without oral argument, and that matter is currently pending, and the hearing on use and occupancy suspended until that ruling.  I also have valid reasons to ultimately prevail in that matter in the end.

**To determine whether a party's neglect is excusable, a district court should take into account: "[1][t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).** As these factors suggest, "excusable neglect" is an "elastic concept," id. at 392, 113 S.Ct. 1489, that is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," id. at 395, 113 S.Ct. 1489.  Also see Bart v. Golub Corp. 2022 WL 2315625.

The prejudice to the non-movant is minimal considering they are still involved with filing for attorney's fees and the superior court related matter.  The length of delay

3

has also been relatively short with the holidays occupying much of the time.  The reason for the delay is most valid since the alternative of being homeless and unsheltered, would not help in filing any future pleadings in any venue, and would just create a bigger burden on the system.  The movant has acted within good faith and has acted on circumstances that went beyond his control.

Further, Courts may also consider whether the case implicates public interest In re  OCA Inc. 551 F3d 359, 369 2008.  This matter does since it involves multiple charges that do not involve assessment of taxes, but charges that have no ability to be remedied, such as liens that have been discharged over three years old but not taken off the books, motor vehicle taxes belonging to dead people who are not the owner, attorney's fees that cannot be appealed, etc.

**The plaintiff still has valid reasons he has not yet been able to present in regards to subject matter jurisdiction.**

Defendant's attorney has used fraud and trickery on multiple courts to present situations where homeowners have no remedy at all available to them to challenge any charges that are made against them -- and that includes non-taxes, and charges belonging to different people.  He has based his defense on multiple superior court cases that straddle a major law change that occurred in 1995, by citing post 1995 decisions that relied on pre 1995 actions, that give homeowners no remedy at all under the tax code, but yield the defendant's attorney millions of dollars.  Further, the district court case of Speer v. New London was likely led astray by similar reasons as Judge

4

Knox had ruled in memorandum that the superior court could not rule on constitutional issues, only the constitutionality of the tax statutes – which in 1995 were constitutional, but now have been afflicted, which has not been made obvious.  There is further evidence to show that Rooker-Feldman does not apply in this case, that the situation has made impossible for assessment appeals, and that a Town could just as easily add the cost of paving roads or the tax collector's hairdresser bill to a tax sale redemption amount, and homeowners having no recourse to appeal it.

Finally, most of the constitutional issues mentioned in previous pleadings also arise under 28 U.S.C. 1331, which plaintiff did not mention in the original complaint.

For the above reasons, plaintiff should be granted relief from judgment and have the opportunity to present his case.

Dated: this 9th day of January, 2024

Stephen C. McCullough

Plaintiff, Pro Se

5

Case 3:23-cv-01367-KAD Document 34 Filed 01/09/24 Page 6 of 6

## CERTIFICATION

I hereby certify that plaintiff has sent a copy of the foregoing by first-class mail to

defendant's attorney at:

Pullman & Comley LLC

850 Main St

P.O. Box 7006

Bridgeport, CT 06601-7006

Dated: this 9th day of January, 2024

Stephen C. McCullough

Plaintiff, Pro Se